929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Byron T. McCOLLUM, Plaintiff-Appellant,
v.
Randy LOWTHER, et al., Defendants-Appellees.
 No. 90-5234.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 89-02063; Gibbons, J.
 W.D.Tenn.
 AFFIRMED.
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Byron T. McCollum (appellant), a pro se federal prisoner, appealed the district court's entry of summary judgment in favor of defendants-appellees Randy Lowther, et al., in this Bivens-type civil rights action. Appellant alleged in his complaint that he was deprived of his rights under the first and eighth amendments by certain officials of the United States Bureau of Prisons.*
 
 
 2
 In his first cause of action, appellant contended essentially that Lowther, a disciplinary hearing officer at the Federal Correctional Institute in Memphis, Tennessee, exposed him to unwarranted punishment in violation of the eighth amendment. Lowther had adjudged appellant guilty of fighting with another prisoner, and imposed a suspended sentence of disciplinary confinement. Appellant filed an appeal of this decision, even though the sanction that Lowther had rendered was more lenient than regulations of the Bureau of Prisons permitted. Appellant alleged in his complaint that he attempted at the last hour to withdraw his administrative appeal because he knew that, if pursued, the appeal was likely to result in a harsher sanction (disciplinary confinement) than the suspended sentence he had received in the preliminary hearing.
 
 
 3
 Appellant asserted in his first cause of action that Lowther deliberately failed to communicate the withdrawal of his appeal to the regional disciplinary board, which proceeded to hear the appeal, ruled adversely to appellant, and imposed a sanction of fifteen days in disciplinary confinement. The district court correctly found appellant's eighth amendment claim to be without merit, because, regardless of Lowther's motivations, appellant had not suffered an unwarranted form of punishment. See Sample v. Diecks, 885 F.2d 1099, 1110-11 (3rd Cir.1989).
 
 
 4
 In his second claim, appellant alleged that he was transferred from FCI Memphis to the federal correctional facility in Leavenworth, Kansas, in retaliation for his activities as a jailhouse lawyer. The record indicates that there exists no genuine issue of material fact as to the reasons for appellant's transfer from Memphis to Leavenworth. There is ample evidence to support the Bureau of Prisons' assertion that appellant was transferred for, among other reasons, security purposes. Appellant has proffered no evidence, apart from his conclusory allegations to the contrary, that he was transferred in retaliation for his activities as an inmate advocate. Thus, summary judgment was appropriate with respect to appellant's second cause of action. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514 (1986) ("a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial").
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed.
 
 
 
 *
 In addition to suing FCI Memphis disciplinary hearing officer Randy Lowther, appellant named warden O.I. White, assistant warden P. Casey, Bureau of Prisons southeast regional director Gary McCune, and regional disciplinary officer Bill Willingham as parties-defendant in his complaint